ISAAC G. STRYKER v. JACOB M. MERSELES, SHERIFF OF HUDSON.

1. It is not sufficient in a notice to a sheriff of a motion to *amerce*, to assign as the ground, that it is "for not executing the writ of execution." The notice must assign *neglect or refusal* to execute it, as the ground.

2. A sheriff will not be *amerced* if the plaintiff has, by his own interference, prevented him from discharging his duties.

This was a motion on part of the sheriff to set aside an amercement entered against him.

Argued before OGDEN and POTTS, Justices, by Mr. *Isaac Scudder* for the sheriff, and Mr. *Martin Ryerson* for the plaintiff in execution.

POTTS, J.    Upon a judgment entered in this court in September, 1851, by the plaintiff against the defendant, *a testatum fi. fa. de bon. et ter.* was delivered to Merseles, sheriff of Hudson, Nov. 11, 1851, which has been returned with the endorsement, "There is no goods, chattels, lands, tenements or hereditaments of the defendant in my bailiwick whereon to levy. Dated February 24, 1852. Jacob M. Merseles, sheriff." The execution was returnable to the term of February, 1852, but in point of fact it was not actually returned until June, 1853. Notice of amercement was given to the sheriff in October, 1852, and an amercement entered in November term following, no one appearing at that time for the sheriff. But at the same term this rule to show cause was obtained by the sheriff, which has been continued until the present term.

On behalf of the sheriff, it is now moved to make this rule absolute on two grounds :

1. Defect in the notice of amercement.

2. Interference on the part of the plaintiff with the action of the sheriff after the execution had been delivered to him.

I. The notice was that the amercement would be moved "*for not executing the writ of execution,*" &c. The statute provides, *Rev. St.* 839, § 22, that if any sheriff shall *neglect* or *refuse* to execute any writ of execution to him directed, and which hath or shall come to his hands, *or*, where the execution shall be by *fieri facias*, shall neglect to file a just and true inventory of the goods and chattels, lands and tenements, so taken in execution, unless such sheriff return that he hath levied to the value of the debt or damages and costs, or shall voluntarily or negligently omit, for the space of two months, rendering to the plaintiff, &c., the money he shall have received, &c., he shall be amerced—provided that ten days' notice in writing shall be given, &c.

If the sheriff shall " neglect or refuse to execute any writ of execution," it is good ground for amercement. The notice must allege a lawful cause, or ground for the motion to amerce. Is such a cause or ground alleged in the notice ?

It is " for not executing " the writ. Are these words equivalent to the allegation that he neglected or refused to execute it ? That is the question. This summary statutory proceeding comes in the place of the common law action against the sheriff. The notice in the first case performs the office of the declaration in the second. It is the only information the sheriff has of the cause of complaint. It should set it out with the same certainty, though not necessarily with the same formality, as the declaration. This notice does not do so. The " neglect " or " refusal " is the very gravamen of the statutory right to proceed by amercement, under the first clause of the section above quoted. It is not that he did *not* execute the writ, but that he *neglected* or *refused* to do so. I think the notice was insufficient.

II. As to the alleged interference of the plaintiff. It is well settled that where a plaintiff instructs the sheriff to depart from the line of duty which his process and the law imposes in reference to the execution of such process, the sheriff cannot be held answerable for any of the consequences which may result. The plaintiff cannot first disarm the sheriff and then hold him liable for not executing the writ. *Paterson Bank* v. *Hamilton*, 1 *Green* 159; *La Roy* v. *Blauvelt*, 1 *Green* 341; *Scott* v. *Dow*, 2 *Green* 350; *Mickles* v. *Hart*, 1 *Denio* 548. The deputy sheriff testifies that the writ was in his hands; that after it was received and before the return day the plaintiff came to see him, and told him to let every thing rest until he, the plaintiff, saw him again; and that he, the plaintiff, subsequently told the sheriff to do nothing further until he had instructions from his attorney. And the witness says the reason he did not levy on any property of the defendant, was that he acted under the instructions of the plaintiff—he would have levied had he not been otherwise instructed. He says, after the above conversation he never received any instructions from the plaintiff or his attorney requiring him to execute the writ. There is nothing in the testimony offered by the plaintiff in execution, which destroys the effect of these direct and positive statements of the deputy sheriff. And, therefore, for this cause also, the judgment of amercement must be set aside.

OGDEN, J., concurred.